STATE of Minnesota, Respondent,

v.

Michael Jerome KAMINSKI, Appellant.

No. 50305.

Supreme Court of Minnesota.

May 23, 1980.

Steven A. Nelson, International Falls, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., Duluth, J. Victor Lager, Asst. County Atty., Virginia, for respondent.

SCOTT, Justice.

Defendant's sole contention on his appeal from judgment of conviction of possession of marijuana is that the trial court erred in denying defendant's motion to suppress the marijuana, which was seized pursuant to a warranted search of defendant's automobile. We affirm.

Late one November afternoon defendant's automobile was rendered immobile when he drove it into a fill pipe at a gas station in Cook. Called to the station to investigate a disturbance caused by defendant, the chief of police developed probable cause to search defendant's automobile. After having the automobile moved into the station garage and the garage locked, the officer drove to Virginia that night and obtained a search warrant. The judge who issued the warrant did not authorize a nighttime execution of the warrant and told the officer not to execute the warrant until the following morning. However, on the way back to Cook, the officer learned that defendant had gone to International Falls with a friend and returned with the driver of a wrecker wanting to tow the car. Rather than requiring defendant to wait until morning to get custody of his car, the officer executed the warrant immediately. Defendant now contends that the officer's failure to wait until morning to execute the warrant required suppression of the evidence found and seized in the search.

*State v. Lien,* 265 N.W.2d 833 (Minn. 1978), is the leading Minnesota case dealing with nighttime execution of search warrants. In this case the evidence indicates that the officer was simply trying to accommodate defendant by conducting the search immediately rather than waiting until morning, and we conclude that in so doing he acted reasonably. Defendant, of course, would have preferred that the officer not conduct any search. However, given the fact that the officer was going to conduct a search, the circumstances were such that conducting the search immediately served defendant's interests better than delaying the search until morning. Nothing in the statute [Minn.Stat. § 626.14 (1978)] nor in the constitution mandates suppression in such a case, and common sense fully supports the decision not to suppress the evidence.

Affirmed.